UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DANIEL PROFFITT,<br><br>    Petitioner,<br><br>    v.<br><br>PATRICK COVELLO,<br><br>    Respondent. | Case No.  2:20-cv-01958-JDP (HC)<br><br>ORDER AND FINDINGS AND RECOMMENDATION THAT COURT DISMISS PETITION FOR WRIT OF HABEAS CORPUS AT SCREENING<br><br>ECF No. 10 |

Petitioner Jerry Daniel Proffitt, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 10.[1] Petitioner has also filed two motions to proceed *in forma pauperis*, ECF Nos. 8 & 11, the second of which makes the required showing and will be granted. The petition raises claims related to a conviction[2] that occurred in June of 2001. ECF No. 10 at 1, 70. The claims are difficult to understand because the petition is disorganized; handwritten pages are interspersed with state court documents. As best I can tell, petitioner alleges that, in 2004, he became convinced that the minors accusing him of inappropriate

---

[1] Before I screened his initial petition, ECF No. 1, petitioner filed a motion to amend, ECF No. 2, and an amended petition, ECF No. 10. His motion to amend is granted, and I will consider the amended petition on screening.

[2] Petitioner does not specify the crime of which he was convicted. The initial petition, however, describes his conviction as concerning "sexual lewd acts" on minors. ECF No. 1 at 1.

1

1  behavior were not credible. Regardless, that claim—and any other related to the 2001
2  conviction—is time-barred.

3        The matter is before the court for preliminary review under Rule 4 of the Rules Governing
4  Section 2254 Cases. Under Rule 4, the judge assigned to a habeas proceeding must examine the
5  habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled
6  to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147
7  F.3d 1124, 1127 (9th Cir. 1998). Here, it plainly appears that petitioner is not entitled to relief.

8        The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-
9  year statute of limitations on claims challenging a state conviction or sentence. 28 U.S.C.
10  § 2244(d)(1). The statute of limitations runs from either the date on which the state court
11  judgment became final by direct review or the expiration of time for seeking such review, or "the
12  date on which any impediment to filing an application created by State action in violation of the
13  Constitution or law of the United States is removed, if the applicant was prevented from filing by
14  such State action," whichever is later. *Id.* The limitations period is tolled while a properly-filed
15  application for post-conviction relief is pending in state court. *See* 28 U.S.C. § 2244(d)(2). An
16  application for such relief is only "properly filed" if it is authorized by and in compliance with
17  state law. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when
18  its delivery and acceptance are in compliance with the applicable laws and rules governing
19  filings."). There is no tolling for periods of unreasonable delay between state court applications.
20  *See Carey v. Saffold*, 536 U.S. 214, 225 (2002). Petitioner's conviction was, at the time he filed
21  his initial petition in this case, more than nineteen years old. I have reviewed the amended
22  petition and have identified nothing within it suggesting that petitioner is entitled to the
23  extraordinary amount of tolling that would be required to make his petition timely.

24        I recognize that petitioner is arguing that he is actually innocent, as established by "new"
25  evidence, but this argument is unpersuasive. First, the "new" evidence he references was
26  allegedly presented at a *Marsden*[3] hearing in 2004. ECF No. 10 at 3. He has not offered any

27
28        [3] Under *People v. Marsden*, a California state court must hold a hearing where a defendant moves to discharge his appointed counsel and substitute another attorney. 2 Cal. 3d 118, 84 Cal.

1   justification for the more than fifteen-year delay between the discovery of the evidence and the
2   filing of this petition.  It is true that the Supreme Court has held that "actual innocence, if proved,
3   serves as a gateway through which a petitioner may pass to overcome the expiration of the statute
4   of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  To meet the threshold for such
5   a "gateway" claim, however, the petitioner must persuade the court that, based on the newly
6   presented evidence, no reasonable juror would have voted to find him guilty beyond a reasonable
7   doubt.  *Schlup v. Delo*, 513 U.S 298, 329 (1995).  Petitioner has not done so.  There is no actual
8   evidence presented in the petition.  Instead, petitioner's argument amounts to nothing more than
9   an unsupported conclusion that his accusers are not credible.  *See* ECF No. 10 at 40-45.  Finally,
10  as the state superior court pointed out in denying these claims, petitioner has, in terms of
11  challenging the 2001 conviction, had his day in court.  *Id.* at 70-71 ("In 2017, petitioner filed his
12  then 40th habeas petition, and this court has lost count of the various subsequent petitions,
13  motions, and other documents he has filed . . . . [Petitioner] has, and continues to abuse the
14  habeas process and fails to provide a sufficient factual showing to compel an order to show
15  cause.").

16        Given the defects identified above, petitioner's claims are time-barred and cannot proceed
17  beyond screening.  I recommend that the court dismiss the petition.

18        A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district
19  court's denial of a petition; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253;
20  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 Governing Section 2254 Cases
21  requires a district court to issue or deny a certificate of appealability when entering a final order
22  adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d
23  1268, 1270 (9th Cir. 1997).  A certificate of appealability will not issue unless a petitioner makes
24  "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This
25  standard requires the petitioner to show that "jurists of reason could disagree with the district

---

27  Rptr. 156, 465 P.2d 44 (Cal. 1970).  The circumstances of the 2004 *Marsden* hearing are not
28  explained in the petition, but they do not appear to be relevant to the issue of whether petitioner's
    claims are timely.

court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner must show "something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not disagree with my conclusion or find that the case should proceed further. Thus, the court should decline to issue a certificate of appealability.

I order that:

1. The Clerk of Court shall assign a district judge to rule on these findings and recommendations.

2. Petitioner's motion to amend, ECF No. 2, and application to proceed *in forma pauperis*, ECF No. 11, are granted.

3. Petitioner's redundant application to proceed *in forma pauperis*, ECF No. 8, is denied as moot.

I recommend that the court dismiss the case at screening and decline to issue a certificate of appealability. ECF No. 10.

Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, these findings and recommendations are submitted to the United States District Court Judge who presides over this case. Within fourteen days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   December 11, 2020

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4